# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**GEORGE TOLER,**
**Claimant Below, Petitioner**

**FILED**

February 3, 2017
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)    No. 16-0236**  (BOR Appeal No. 2050699)
(Claim No. 2009095780)

**ARGUS ENERGY WV,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner George Toler, by Wendle Cook, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Argus Energy WV, by Sean Harter, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated February 9, 2016, in which the Board affirmed a July 28, 2015, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's December 30, 2014, decision denying Mr. Toler's request to reopen his claim for further consideration of permanent partial disability benefits.[1] The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

At the outset, we note that the evidentiary record is exceedingly limited with regard to Mr. Toler's initial claim for workers' compensation benefits following his diagnosis with

---

[1] For the purposes of this appeal, the phrase "claims administrator" refers to Argonaut Insurance Company. However, we note that Argonaut Insurance Company is no longer Argus Energy's workers' compensation insurance provider.

occupational pneumoconiosis. Likewise, the record does not contain any information regarding his early treatment. However, it is clear that Mr. Toler received a 10% permanent partial disability award for occupational pneumoconiosis on December 18, 2009.[2] Presently, Mr. Toler is requesting that his claim be reopened for further consideration of a permanent partial disability award.[3] In support of his appeal, Mr. Toler submitted a February 28, 2012, chest CT scan indicating the presence of worsening interstitial disease with progressive massive fibrosis; a December 18, 2012, plethysmograph report which does not contain any comments or comparison to prior studies; and a December 17, 2014, Physician's Occupational Pneumoconiosis Report in which Mr. Toler was diagnosed with occupational pneumoconiosis with progressive massive fibrosis, shortness of breath, a cough, and wheezing.

On December 30, 2014, Argonaut Insurance Company issued a decision informing Mr. Toler that it was not Argus Energy's workers' compensation insurer on his most recent date of last exposure to the hazards of occupational pneumoconiosis, namely February 25, 2010, and recommending that he contact Argus Energy in order to file a claim with the appropriate workers' compensation insurance carrier. However, Mr. Toler appealed the December 30, 2014, decision to the Office of Judges. The Office of Judges acknowledged Mr. Toler's protest of the December 30, 2014, decision and seemingly interpreted the decision as a denial of Mr. Toler's request to reopen his claim for further consideration of a permanent partial disability award. In its decision affirming Argonaut Insurance Company's December 30, 2014, decision, the Office of Judges held that Mr. Toler failed to establish that he sustained an aggravation or progression of his compensable condition sufficient to entitle him to an additional permanent partial disability award. The Board of Review affirmed the reasoning and conclusions of the Office of Judges in its decision dated February 9, 2016. On appeal, Mr. Toler asserts that the evidence of record demonstrates that he is suffering from worsening occupational pneumoconiosis and, therefore, is entitled to an additional permanent partial disability award.

---

[2] Mr. Toler initially protested this decision, but subsequently withdrew his protest on October 18, 2010.

[3] It is also noteworthy that Mr. Toler filed his request to reopen his claim with Argonaut Insurance Company. Although Argonaut Insurance Company issued the prior 10% permanent partial disability award received by Mr. Toler, Argus Energy's workers' compensation insurance policy provided by Argonaut Insurance Company expired on July 1, 2009. Following the termination of Argonaut's workers' compensation insurance coverage, Brickstreet Mutual Insurance Company provided Argus Energy with workers' compensation insurance coverage. In that regard, the Office of Judges determined that the date of last exposure to the hazards of occupational pneumoconiosis under Argonaut's insurance policy was June 11, 2009. Additionally, the Office of Judges determined that Mr. Toler incurred additional exposure to the hazards of occupational pneumoconiosis following the expiration of Argonaut's insurance coverage. Neither party disputes the Office of Judges' findings with regard to the date of last exposure in relation to coverage under Argonaut's insurance policy. Additionally, neither party disputes the Office of Judges' findings regarding Mr. Toler's additional exposure to the hazards of occupational pneumoconiosis.

Regarding the request to reopen Mr. Toler's claim for further consideration of a permanent partial disability award, the Office of Judges looked to West Virginia Code § 23-5-3 (2009), which provides that in order to be eligible for a reopening of the claim, a claimant must demonstrate that a progression or aggravation of a compensable condition has occurred or, in the alternative, that a fact or facts not previously considered and which would entitle him to greater benefits than those already received exists. As was previously noted, the Office of Judges determined that Mr. Toler's date of last exposure to the hazards of occupational pneumoconiosis with respect to workers' compensation insurance coverage provided by Argonaut Insurance Company was June 11, 2009. The Office of Judges then found that the record does not contain any evidence linking the reports of progressively worsening fibrosis to the exposure to the hazards of occupational pneumoconiosis Mr. Toler incurred prior to June 11, 2009. Further, the Office of Judges noted that establishing a link between the progressively worsening fibrosis and exposure to the hazards of occupational pneumoconiosis prior to June 11, 2009, is critical because it is undisputed that Mr. Toler incurred additional exposure to the hazards of occupational pneumoconiosis following the expiration of workers' compensation insurance coverage provided by Argonaut Insurance Company. Finally, the Office of Judges determined that the medical evidence of record, which is dated more than two years after Mr. Toler incurred additional exposure to the hazards of occupational pneumoconiosis while his employer was covered by a new workers' compensation insurance policy, fails to establish that he sustained an aggravation or progression of his compensable condition as related to exposure to the hazards of occupational pneumoconiosis prior to June 11, 2009. We agree with the reasoning and conclusions of the Office of Judges, as affirmed by the Board of Review.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: February 3, 2017**

**CONCURRED IN BY:**
Chief Justice Allen H. Loughry II
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker